IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROMNEY ELLIS,

    Petitioner,

v.

ACTING WARDEN, FCI GREENVILLE,

    Respondent.

Case No. 3:25-CV-2032-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Petitioner Romney Ellis on November 6, 2025. (Doc. 1). Ellis also moved to amend his petition on November 20, 2025 (Doc. 8), which the Court now grants. Respondent, Acting Warden of FCI Greenville, filed a response on December 8, 2025. (Doc. 13). For the reasons set forth below, the Petition is denied.

## BACKGROUND

Ellis is serving a 13-month sentence at FCI Greenville within the Bureau of Prisons ("BOP") for violating the terms of his supervised release. (Doc. 13-2). Ellis's initial Petition for Writ of Habeas Corpus (Doc. 1) argued that he was eligible to receive First Step Act and Second Chance Act time credits that were not being applied to his sentence by the BOP. He also argued that the BOP improperly determined he was ineligible for confinement at a Residential Reentry Center ("RRC") or home confinement ("HC") prior to his release due to a pending charge in the State of Indiana. As relief, Ellis asked the

Page 1 of 5

Court to order the BOP to remove the "Pending Charge Exclusion" so that he could immediately be released to an RRC or HC.

On November 20, 2025, Ellis filed a motion for leave to amend his petition, stating that his release date had been corrected. (Doc. 8). As a result, he now seeks only the removal of the Pending Charge Exclusion so that he can be released to an RRC or HC. (*Id.*). Ellis's projected release date is December 27, 2025. (*Id.*).

Respondent filed an opposition on December 8, 2025. (Doc. 13). Respondent argues that Ellis did not exhaust his administrative remedies before filing his Petition, as Ellis himself acknowledged in his initial filing. (*Id.*). For this reason alone, the Petition should be dismissed. (*Id.*). Even if Ellis had exhausted his administrative remedies, however, the BOP correctly determined: (1) that Ellis is ineligible for RRC or HC consideration because he had not earned enough First Step Act time credits; and (2) the existence of a pending criminal charge in state court was likely to result in community arrest, such that RRC or HC placement was not appropriate. (*Id.*).

Ellis did not file a reply brief.

## DISCUSSION

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) ("A motion seeking relief on grounds concerning the execution but not the validity of the conviction and sentence—for example, a motion contending that the prison unlawfully deprived a prisoner of good time credits . . . falls into the domain of § 2241."). The Attorney General, acting through the BOP, calculates a

defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson*, 503 U.S. 329, 335 (1992). An inmate can challenge the calculation of his sentence, including the application of time credits, in a Section 2241 petition. *Setser v. United States*, 566 U.S. 231, 244 (2012).

Section 2241 does not contain an express exhaustion requirement. Nevertheless, "a district court is entitled to require a prisoner to exhaust the administrative remedies that the BOP offers before it will entertain a petition." *Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009) (citing *Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir. 1997) ("we review a claim concerning the computation of a sentence only after administrative remedies have been exhausted")); *see also Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions . . . ."). "Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process results in the denial of the requested relief." *Beam v. Sproul*, No. 3:24-CV-02255-GCS, 2025 WL 1359903, at *1 (S.D. Ill. Apr. 10, 2025) (citing *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989)). Where a petitioner complains that errors have been made with respect BOP policies and calculations, "it is the BOP that must be given the first opportunity to correct any such errors." *Id.*

To exhaust administrative remedies, a federal prisoner must first file an informal complaint with institution staff. *See* 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated. *See* 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director

on a BP-10 form within 20 days. *See* 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the BOP's Office of General Counsel within 30 days. *Id.*

Here, Ellis admits that he did not exhaust his administrative remedies. He claims that he sent a letter to the Regional Director, the Warden, and the BOP Director on September 22, 2025, via certified mail. However, he did not submit a BP-9, BP-10, or BP-11 form because the length of time it would take to complete the process would cause him irreparable harm. He also alleges that his Unit Team would deliberately delay the administrative remedies process. Finally, Ellis states that he has been told the BOP's decision is final; therefore, administrative exhaustion would be futile. As a result, he argues, the exhaustion requirement should be waived.

The Court disagrees. Ellis sent a letter to the Warden, the Regional Director, and the Director for the BOP on September 22, 2025, but he did not file his Petition until November 6, 2025. That means, for about two and a half months, Ellis took no action to attempt to exhaust his claim. "A prisoner cannot manufacture exigency by tarrying." *Richmond*, 387 F.3d at 604 (rejecting a claim of futility exception when the delay was the petitioner's own fault). Ellis may be correct that the BOP's initial decision is final, but he also may be mistaken. *See Kane*, 344 F. App'x at 269. Either way, he must first go through the administrative exhaustion process. *See Richmond*, 387 F.3d at 604 ("instead of asking judges to guess, prisoners must give it a go").

"Petitioners citing futility 'face a heavy burden' because they must demonstrate that there is 'no reasonable prospect' that they could obtain any relief from that agency."

*Beam*, 2025 WL 1359903, at *2 (quoting *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016-17 (7th Cir. 2004). Because Ellis has not shown that the available remedies gave him "no reasonable prospect" of obtaining relief, the Court declines to find that administrative exhaustion would have been futile.

### Conclusion

Ellis did not exhaust his administrative remedies prior to filing his petition. Therefore, his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Docs. 1, 8) is **DISMISSED without prejudice**.

If Petitioner wishes to appeal this Order, he must file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). If Petitioner chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). If Petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk's Office is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

DATED:   December 19, 2025

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**